```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Wendy A. Fritz,

    Plaintiff,

  v.                                Case No. 2:14-cv-1911

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

    Defendant.

ORDER

    Plaintiff Wendy A. Fritz brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits.  The record indicates that plaintiff was previously employed by an ambulance service as a paramedic.  After plaintiff was involved in a motor vehicle accident on May 31, 2008, while riding in the back of the ambulance, she suffered from post-traumatic stress disorder ("PTSD"), depression and other psychological problems.  Plaintiff continued to work until December 9, 2009, when she injured her back lifting a patient.  Plaintiff was awarded workers' compensation benefits, and she applied for social security benefits on May 26, 2011.

    In her decision of June 7, 2013, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of lumbar sprain and strain and PTSD.  PAGEID 51.  The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work, but that plaintiff was limited to simple repetitive tasks and some multi-step tasks in a setting without demands for fast pace or high production, with occasional

superficial reactions with others, and with occasional changes with some supervisory support.  PAGEID 52.  Based on the testimony of a vocational expert, the ALJ found that there were jobs in the community which plaintiff could perform, and concluded that plaintiff is not disabled.  PAGEID 60-61.  This matter is now before the court for consideration of defendant's January 24, 2016, objections (Doc. 17) to the magistrate judge's January 13, 2016, report and recommendation, recommending that the case be remanded to the Commissioner for further evaluation of the opinion evidence.  Plaintiff has filed a reply (Doc. 18) to defendant's objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where

the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II. Defendant's Objections

The sole claim raised by plaintiff in her statement of specific errors is that the ALJ did not properly weigh the medical opinion evidence from Dr. Richard Barnett, Ph.D., plaintiff's treating psychologist. Dr. Barnett began treating plaintiff for PTSD and related symptoms in May of 2010. He completed a mental residual functional capacity questionnaire on October 7, 2012, in which he concluded that plaintiff was extremely limited in eight areas, including accepting criticism, relating to the public, tolerating and dealing with work stress, concentrating and attending to tasks, and behaving in an emotionally stable manner. He stated that plaintiff's PTSD affected her ability to deal with work stress, and that plaintiff did not deal with stress at all, reacting to it with anxiety and panic attacks. He also found that plaintiff was markedly limited in other work-related areas, that she would miss more than five days of work per month, and that she would have difficulty functioning on a work schedule.

The ALJ gave Dr. Barnett's opinion little weight. The ALJ noted that the functional limitations he identified were not supported by his treatment records and were inconsistent with the reports of some improvement in plaintiff's mental condition which were contained in his own treatment notes and those of Dr. Hong S. Kang, M.D., plaintiff's treating psychiatrist. PAGEID 56, 59. The

ALJ also stated that the identified limitations were not consistent with plaintiff's activities of daily living, her conservative mental health treatment, "or the totality of the medical evidence of record." PAGEID 59. The ALJ concluded that Dr. Barnett's opinion was not supported "by the substantial medical evidence or record[.]" PAGEID 59.

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." See 20 C.F.R. §404.1527(c)(2); SSR 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242.[1]

The magistrate judge observed that the "key question is whether any of the reasons given by the ALJ for discounting Dr. Barnett's opinions ... are 'good reasons' as that phrase is used in §404.1527(c)." Doc. 16, p. 13. The magistrate judge concluded

---

[1] Defendant notes that the treatment notes were first discussed in the context of plaintiff's credibility, a determination which is entitled to great weight and deference, see *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). However, this earlier discussion was also incorporated by reference into the later evaluation of the weight to be given Dr. Barnett's opinion. PAGEID 59. Thus, the rules for evaluating a treating-source opinion apply.

4

that the ALJ did not reasonably view the treatment notes as being inconsistent with Dr. Barnett's opinion that plaintiff was unable to work due to PTSD. Doc. 16, p. 14. The ALJ relied on treatment notes about how plaintiff presented herself at her appointments, including findings that: plaintiff was less withdrawn, depressed and agitated; she had no suicidal or homicidal ideations, delusional thoughts, hallucinations or mood swings; her judgment and insight were unimpaired and her memory was normal; she was alert, well oriented, coherent and relevant; and she reported no medication side effects. The magistrate judge reasoned that plaintiff did not claim that she was disabled based on issues with memory, judgment, insight, mood swings, orientation, delusions, or medication side effects; therefore, plaintiff's normal presentation in these areas during her medical appointments was not inconsistent with Dr. Barnett's opinion that, due to PTSD, plaintiff had severe limitations in her ability to function in the workplace and to deal with work stress, a distinct clinical finding.

The court concludes that the observations of the magistrate judge are valid. Defendant argues that the magistrate judge's observations usurped the role of the ALJ to weigh and consider the evidence. However, a reviewing court must determine whether an ALJ has provided "good reasons" for discounting the weight given to a treating-source opinion, which must be supported by evidence in the record. §404.1527(c)(2); SSR 96-2p, 1996 WL 374188 at *5. The magistrate judge properly determined that the ALJ failed to do so in this case, citing *Robertson v. Astrue*, No. 1:07CV64-J, 2008 WL 659458 at *6 (W.D.Ky. March 7, 2008)(ALJ impermissibly substituted his own views for uncontroverted medical opinion of treating psychiatrist where no medical opinion indicated that the

5

limitations found by psychiatrist were inconsistent with clinical findings in treatment records). In addition, the ALJ failed explain her reasoning as to why she believed that the notes regarding plaintiff's behavior at her medical appointments conflicted with Dr. Barnett's opinion of what plaintiff's limitations would be in a workplace setting.

The magistrate judge correctly concluded that the ALJ's statement that Dr. Barnett's opinion was not consistent with the "totality of the medical evidence of record" was too vague to permit review. Doc. 16, p. 15. The magistrate judge also noted that the ALJ did not discuss the December 18, 2012, report of Dr. Mark E. Reynolds, M.D., a psychiatrist who evaluated plaintiff at the request of the Ohio Bureau of Workers' Compensation. Doc. 16, p. 12. Dr. Reynolds concluded that the severity of plaintiff's psychiatric symptoms would preclude her from returning to any employment. The ALJ did not mention the report of Dr. Deryck Richardson, Ph.D., a state agency psychologist who reviewed plaintiff's records up to September 16, 2011, and found that plaintiff suffered from a severe anxiety disorder which caused moderate limitations on her ability to interact with the public. She also did not refer to the January 25, 2012, report of Dr. Kristen Haskins, Psy.D., a state agency psychologist who reviewed plaintiff's records, even though the RFC adopted by the ALJ appears to mirror Dr. Haskins' opinion of plaintiff's limitations. The court agrees with the magistrate judge that the ALJ's failure to address these reports precludes adequate review of her decision to reject Dr. Barnett's opinion. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378-79 (6th Cir. 2013)(holding that where ALJ discounted opinions of treating physician due to alleged lack of

6

consistency with the record as a whole and failed to mention treatment notes provided by a therapist which lent significant support to those opinions, "some explanation should have been given for ignoring this large portion of the record"); *Karger*, 414 F.App'x at 753-54 (ALJ's failure to discuss the opinions of two non-treating sources and whether they supported or undermined the treating sources' opinions was error); 20 C.F.R. §416.927(e)(2)(ii).

The magistrate judge further observed that the reports of the state agency reviewers provided little support for rejecting Dr. Barnett's opinion because their reports were issued without the benefit of later 2012 treatment notes and other records, including Dr. Barnett's residual capacity questionnaire and Dr. Reynolds' report. Defendant objects to this conclusion. An ALJ can rely on a non-examining source who did not have the opportunity to review later medical records, as long as there is some indication in the decision that the ALJ considered the new evidence before giving weight to an opinion that is not based on a review of a complete case record. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). Here, however, there is no indication in the ALJ's decision that she considered the 2012 evaluation of Dr. Reynolds, which may have carried some weight with the state agency reviewers had it been available at the time of their records review. Defendant also offers the questionable hypothesis that, despite the similarities between the RFC and Dr. Haskins' report, the ALJ may have arrived at her RFC determination based on her own evaluation of the evidence without relying on the report. However, because the ALJ made no reference in her decision to Dr. Haskins' report, this court has no way of knowing to what extent the ALJ

7

relied on that report.

Defendant also objects to the magistrate judge's conclusions that the ALJ's rejection of Dr. Barnett's opinion was not supported by plaintiff's reported activities of daily living or the ALJ's characterization of plaintiff's medical treatment as being conservative. Most of the plaintiff's daily activities noted by the ALJ were activities plaintiff did at home. Very few of these involved activities outside the home: shopping once or more per month, driving short distances and driving a longer distance to her medical appointments, with occasional stops to deal with anxiety, dining out (rarely, or once a week), and traveling with family to Florida in 2009 and on a cruise in 2010. The court agrees with the magistrate judge that none of these activities show that plaintiff was functioning adequately in a work-like setting. As to the ALJ's finding that plaintiff's mental health treatment was conservative, the record indicates that plaintiff had an appointment with Dr. Barnett once every two weeks and had monthly appointments with Dr. Kang to monitor her medications. The magistrate judge correctly noted that there is no evidence in the record that a greater level of care would have been appropriate or expected to treat the functional PTSD limitations identified by Dr. Barnett. *See Robertson*, 2008 WL 659458 at \*6 (nature of claimant's treatment not a valid ground for rejecting treating physician's assessment where there was no medical opinion that plaintiff's course of treatment was incommensurate with purported impairment). Even the ALJ did not state in her decision what sort of treatment she felt would have been appropriate for the PTSD limitations described by Dr. Barnett. The magistrate judge properly determined that the nature of plaintiff's mental health treatment is not a reason for

8

discounting Dr. Barnett's assessment.

III. Conclusion

    For the reasons stated above, the court agrees with the analysis of the magistrate judge, and concludes that a remand for further administrative proceedings is necessary for the ALJ to further evaluate the opinion evidence in the record.  The court makes no ruling on the ultimate issue of disability.  The court overrules the plaintiff's objections (Doc. 17), and adopts and affirms the magistrate judge's report and recommendation (Doc. 16).  The decision of the Commissioner is reversed, and this action is remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four.

Date: February 9, 2016                   s/James L. Graham
                                        James L. Graham
                                        United States District Judge